# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CECIL J. FOWLER,

        Plaintiff,

v.                                                                         No. 1:17-CV-00857-JCH-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff seeks review of the Commissioner's determination that he is not entitled to disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. On August 24, 2017, in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), this case was referred to United States Magistrate Judge Kevin R. Sweazea to conduct any necessary hearings and to recommend an ultimate disposition. *See Order of Reference*, Doc. 7. Having considered Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 22), filed March 1, 2018, the Commissioner's response in opposition (Doc. 24), filed March 29, 2018, and Plaintiff's reply (Doc 25), filed April 19, 2018, the undersigned RECOMMENDS that the Court DENY Plaintiff's motion for the reasons set forth below.

## I. PROCEDURAL BACKGROUND

On July 20, 2010, Plaintiff filed an application for supplemental security income benefits, alleging that he had been disabled since May 1, 2010, due to failed back surgery; PTSD; Hepatitis C; manic depression; panic attacks; rheumatoid arthritis; and degenerative disc disease. (AR 161, 196). On January 18, 2011, it was determined that Plaintiff was not disabled

and his claim was denied. (AR 68). This determination was affirmed on May 31, 2011 (AR 70), and a subsequent hearing before administrative law judge ("ALJ") Ann Farris, held on September 27, 2013, again ended in a denial. (AR 11-26). The ALJ's decision became final when, on February 25, 2015, the Appeals Council denied Plaintiff's request for review. (AR 1-5). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 416.1400(a)(1)-(5).

Plaintiff challenged the ALJ's decision in the United States District Court for the District of New Mexico and, on September 9, 2017, Judge Khalsa remanded the matter for further proceedings. (AR 1018-36). Per the Court's order, Plaintiff was granted a second hearing. (AR 962-992). In the decision that followed, ALJ Farris determined that Plaintiff was not under a disability until April 1, 2015. (AR 949).

In making this determination, ALJ Farris employed the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 1, 2010. (AR 936). At step two, the ALJ determined that Plaintiff has the severe impairments of degenerative disc disease; chronic low back pain/lumbago; a left knee medical meniscus tear; and a mood disorder. (AR 937). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 938).

ALJ Farris next determined that Plaintiff has the Residual Functional Capacity ("RFC")[2] to:

---

[1] *See* 20 C.F.R. § 416.920(a)(4) (outlining the five-step analysis).
[2] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 416.945.

> perform light work as defined in 20 CFR 416.967(b) except he can only occasionally climb stairs; never claim [sic] ladders or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; never reach overhead; and interact with the general public no more than occasionally.

(AR 940-41).

ALJ Farris then proceeded to steps four and five of the analysis where she concluded that, prior to April 1, 2015, Plaintiff was capable of performing the requirements of occupations such as stock checker; distribution clerk; and cleaner/housekeeper. (AR 948-49). Here, the ALJ explained that on April 1, 2015, Plaintiff's age category changed. And, after considering Plaintiff's age in conjunction with his education, work experience, and RFC, she determined that "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform." (AR 949). ALJ Farris concluded that Plaintiff was not disabled prior to April 15, 2015, but was disabled after that date.

Plaintiff now asks the Court to reverse the ALJ's decision, arguing that ALJ Farris improperly weighed opinion evidence provided by his nurse practitioners, Nancy Brooker ("NP Brooker") and Brett Curran ("NP Curran") (collectively "NPs"), and failed to properly account for the opinion evidence provided by state agency examining psychologist Dr. Sandra Eisemann. Plaintiff asserts that these alleged errors resulted in a flawed RFC determination.

## II. ANALYSIS

### A. Standard

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not

substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Having meticulously combed the record, the Court finds that the ALJ did not err in her assessment of the opinion evidence in question.

## B. The ALJ's Determination

Prior to articulating her findings regarding Plaintiff's RFC, ALJ Farris considered the evidence of record and, as is relevant here,[3] afforded little weight to opinion evidence provided by Plaintiff's nurse practitioners, Brooker and Curran, and state agency examining psychologist, Dr. Eisemann. Plaintiff argues that the ALJ failed to provide adequate reasons for discounting this evidence. The Court disagrees with Plaintiff's contention.

### 1. Nurse Practitioners Brooker and Curran

Both NP Brooker and NP Curran completed medical assessments of Plaintiff's ability to do work-related activities. NP Brooker assessed Plaintiff with "marked" limitations in his ability to maintain physical effort for long periods without a need to decrease activity or pace or to rest

---

[3] The evidence of record is thoroughly detailed in the ALJ's decision and the parties' briefings, so it would serve no purpose for the Court to discuss it again in its entirety.

intermittently; to sustain an ordinary routine without special supervision; and to complete a normal workday/workweek without interruptions from psychological-based symptoms and to perform at a consistent pace without unreasonable rest periods. (AR 770). NP Brooker also noted "moderate" limitations in Plaintiff's ability to maintain attention and concentration and to perform activities within a schedule. (AR 770).

Similarly, NP Curran identified "moderate" limitations in Plaintiff's ability to maintain attention and concentration; perform activities within a schedule, maintain regular attendance and be punctual; work in coordination with/or proximity to others without being distracted by them; and to complete a normal workday/workweek without interruptions from psychological based symptoms and to perform at a consistent pace without unreasonable rest periods. (AR 771).

In assigning little weight to the NPs' assessments, ALJ Farris discussed Plaintiff's history with NP Brooker and NP Curran, and the associated treatment records, and noted that as nurse practitioners, neither NP Brooker nor NP Curran are "acceptable medical sources." ALJ Farris also determined that the limitations the NPs identified were out of proportion with their own treatment notes and that neither NP offered any support or explanation for their findings of moderate and marked limitations. The ALJ further determined that NP Curran's opinion was inconsistent with both his treatment notes and the limitations he noted on forms 12.04 and 12.06. (AR 947). Plaintiff claims that the ALJ provided conclusory reasons for rejecting the opinions of NP Brooker and Curran and that what little explanation the ALJ did include was improperly cherry-picked to support her decision.

As nurse practitioners, NPs Brooker and Curran are considered "other sources" rather than "acceptable medical sources" for the purposes of evaluating opinion evidence. 20 C.F.R. §

416.902(a)(7).[4] In determining what weight to give to an "other source" opinion, the ALJ evaluates several factors including, but not limited to, the nature of the treatment relationship and the supportability and consistency of the opinion. 20 C.F.R. § 416.927(c)(1)-(6). However, "not every factor…will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source…depends on the particular facts in each case." 20 C.F.R. § 416.927(f)(1). "[T]he adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." 20 C.F.R. § 416.927(f)(2).

Here, the record indicates that ALJ Farris properly considered the "other source" evidence supplied by NPs Brooker and Curran. The ALJ discussed the NPs' opinions, as well as their clinical findings and treatment notes, and found that the opinions were not supported by or consistent with the remainder of the evidence. These explanations not only accord with the requirements outlined in 20 C.F.R. § 416.927(f)(2), but they also demonstrate that ALJ Farris considered the factors found in 20 C.F.R. § 416.927(c).

While the ALJ did not point out every aspect of the NPs' treatment notes that she found to be inconsistent with the NPs' opinions, she was not required to do so. *See Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."). The Court notes that Plaintiff asks the Court to consider portions of the NPs' treatment notes that he believes are consistent with the NP's opinions. However, the Court cannot reweigh the evidence, it may only consider "the *sufficiency* of the evidence… and there was certainly enough

---

[4] Explaining that for claims filed prior to March 27, 2017, such as the claim at bar, nurse practitioners are not considered "acceptable medical sources."

evidence to support the ALJ's" weight determinations. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007).

## 2. Dr. Eisemann[5]

In 2010, state agency psychologist Dr. Eisemann evaluated Plaintiff and diagnosed him with depressive disorder and panic disorder, noting that the latter was in remission. (AR 605). Dr. Eisemann did not identify any limitations caused by these disorders, but she did find that Plaintiff's physical pain might interfere with Plaintiff's ability to work. (*Id.* at 605-06).

ALJ Farris first considered Dr. Eisemann's opinion in her decision dated September 27, 2013. At that time, she afforded "significant weight" to the opinion, explaining only that it was "generally consistent" with her RFC finding. (AR 23). After the District Court remanded the ALJ's decision back to the Commissioner for reevaluation, ALJ Farris again considered the evidence of record and, in her decision dated May 3, 2017, concluded that Dr. Eisemann's opinion was entitled to "little weight." (AR 947). In support of her determination, the ALJ explained that Dr. Eisemann's opinion as to the possible effects of Plaintiff's physical pain was "merely a restatement of the claimant's allegations" and outside the scope of Plaintiff's psychological examination. (AR 947).

ALJ Farris did not explain why she afforded significant weight to Dr. Eisemann's opinion in 2013, but then discounted the same evidence in 2017. Plaintiff argues, without legal justification, that this missing explanation constitutes reversible error. Contrary to Plaintiff's argument, the ALJ was not required to explain any discrepancies between her 2013 and 2017

---

[5] In her brief, Plaintiff includes several physicians in her argument under the heading "ALJ Farris Failed to Properly Account for State Agency Examining Psychologist Dr. Eisemann's Opinion, a Failure Which Undermined Mr. Fowler's RFC" (hereinafter "Heading IV, B"). (Doc. 22, p. 18). However, Plaintiff only requests relief due to the ALJ's treatment of Dr. Eisemann's opinion and Plaintiff's argument regarding Dr. Eisemann is identical to the contentions she raises in terms of the other physicians. Consequently, the Court's analysis and conclusion as to the alleged flaws in the ALJ's consideration of Dr. Eisemann's opinion is dispositive of all the allegations Plaintiff raises under Heading IV, B.

decisions. In fact, following remand by the District Court, the Appeals Council ordered ALJ Farris to conduct further proceedings and to issue a new decision. (AR 1039).

Importantly, unless the Appeals Council orders otherwise, an ALJ is not bound to his or her earlier decision. *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987). *See also Hamlin v. Barnhart*, 365 F.3d 1208, 1224 (10th Cir. 2004) (explaining that it is within the ALJ's province to revise a claimant's RFC category upon reexamination). "To hold otherwise would discourage administrative law judges from reviewing the record on remand, checking initial findings of fact, and making corrections, if appropriate." *Campbell*, 822 F.2d 1518, 1522.

## IV. CONCLUSION

For the reasons set forth above, the undersigned finds that Plaintiff's claims are without merit. **IT IS, THEREFORE, RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 22).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension of time must be filed in writing no later than seven (7) days from the date of this filing. A party must file any objections with the Clerk of the District Court within the fourteen (14) day period, together with any period for which an order is entered granting an extension of time, if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**